JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:    (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA GARDENHIRE | Case No.: |
| Against | **COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. |
| EXPERIAN INFORMATION SOLUTIONS, INC.; | |
| EQUIFAX INFORMATION SERVICES, LLC.; | |
| AVANT, LLC; | |
| BARCLAYS BANK DELAWARE; | |
| CAPITAL ONE BANK (USA), N.A. | |

Plaintiff Teresa Gardenhire ("Plaintiff" or "Gardenhire") by and through her

attorneys, The Law Offices of Jonathan A. Stieglitz, as and for its Complaint

against Defendant Experian Information Solutions, Inc. ("Experian"), Defendant

Equifax Information Services, LLC ("Equifax"), Defendant Avant, LLC ("Avant"),

Defendant Barclays Bank Delaware ("Barclays") and Defendant Capital One Bank,

- 1 -

(USA), N.A. ("Capital One") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4.  Plaintiff is a resident of the State of California, residing in the County of Sacramento.

5.  At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.  Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of California, and may

be served with process upon C T Corporation System, its registered agent for service of process at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

7.  At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.  At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of California, and may be served with process upon The Prentice Hall Corporation System, Inc. its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

10. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

- 3 -

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Avant, LLC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 222 N La Salle Street, Ste 1700, Chicago, IL, 60601.

13. Defendant Barclays Bank Delaware is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 125 S West Street, Wilmington, DE, 19801.

14. Defendant Capital One Bank (USA), N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 1680 Capital One Drive, Mclean, VA, 22102.

## **FACTUAL ALLEGATIONS**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Equifax Dispute and Violations

16. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that

included negative information regarding accounts that did not belong to the Plaintiff including Defendants Avant, Barclays and Capital One accounts.

17. The inaccurate information furnished by Defendants Avant, Barclays and Capital One and published by Defendant Equifax is inaccurate since the Plaintiff was a victim of identity theft and these accounts did not belong to her.

18. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting, multiple times the most recent dispute on or around August 17, 2018 specifically stating in a letter she was disputing six accounts due to identify theft.

20. As evidence of the identity theft the Plaintiff provided a filed Police Report stating as such.

21. It is believed and therefore averred that Defendant Equifax notified Defendants Avant, Barclays and Capital One of Plaintiff's dispute.

22. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Avant failed to conduct a reasonable investigation and continued to report

false and inaccurate adverse information on the consumer report of the
Plaintiff with respect to the disputed account.

23. Furthermore, Defendant Avant failed to mark the account as disputed despite
receiving notice of the dispute.

24. Upon receipt of the dispute of the account from the Plaintiff by Equifax,
Barclays failed to conduct a reasonable investigation and continued to report
false and inaccurate adverse information on the consumer report of the
Plaintiff with respect to the disputed account.

25. Furthermore, Defendant Barclays failed to mark the account as disputed
despite receiving notice of the dispute.

26. Upon receipt of the dispute of the account from the Plaintiff by Equifax,
Capital One failed to conduct a reasonable investigation and continued to
report false and inaccurate adverse information on the consumer report of the
Plaintiff with respect to the disputed account.

27. Furthermore, Defendant Capital One failed to mark the account as disputed
despite receiving notice of the dispute.

28. Despite the dispute by the Plaintiff that the information on her consumer
report was inaccurate with respect to the disputed accounts, as well as
providing evidence of the police report, Equifax did not evaluate of consider
any of the information, claims, or evidence of the Plaintiff and did not make

an attempt to substantially reasonably verify that the derogatory information concerning the dispute account was inaccurate.

29. As of the date of the filing of this Complaint, Defendants, Avant, Barclays and Capital One continue to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

30. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

31. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Experian Dispute and Violations</u>

32. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included negative information regarding accounts that did not belong to the Plaintiff including Defendants Avant, and Barclays accounts.

33. The inaccurate information furnished by Defendants Avant, and Barclays and published by Defendant Experian is inaccurate since the Plaintiff was a victim of identity theft and these accounts did not belong to her.

34. Defendant Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports

that they have disseminated to various persons and credit grantors, both

known and unknown.

35. Plaintiff notified Experian that she disputed the accuracy of the information

Equifax was reporting, multiple times the most recent dispute on or around

August 17, 2018 specifically stating in a letter she was disputing seven

accounts due to identify theft.

36. As evidence of the identity theft the Plaintiff provided a filed Police Report

stating as such.

37. It is believed and therefore averred that Defendant Experian notified

Defendants Avant, and Barclays of Plaintiff's dispute.

38. Upon receipt of the dispute of the account from the Plaintiff by Experian,

Avant failed to conduct a reasonable investigation and continued to report

false and inaccurate adverse information on the consumer report of the

Plaintiff with respect to the disputed account.

39. Furthermore, Defendant Avant failed to mark the account as disputed despite

receiving notice of the dispute.

40. Upon receipt of the dispute of the account from the Plaintiff by Experian,

Barclays failed to conduct a reasonable investigation and continued to report

false and inaccurate adverse information on the consumer report of the

Plaintiff with respect to the disputed account.

41. Furthermore, Defendant Barclays failed to mark the account as disputed despite receiving notice of the dispute.

42. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, as well as providing evidence of the police report, Experian did not evaluate of consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the dispute account was inaccurate.

43. As of the date of the filing of this Complaint, Defendants, Avant, and Barclays continue to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

44. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

45. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

- 9 -

47. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

48. Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

49. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

50. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

51. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

55. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

56. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

57. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

58. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

59. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

62. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

63. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

64. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from

credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

66. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

69. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain

reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

70. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

71. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Avant.)

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

76. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

77. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

78. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

79. The Defendant Avant violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

- 19 -

80. Specifically, the Defendant Avant continued to inaccurately report this account on the Plaintiff's credit report after being notified that she was disputing this account due to the inaccuracies contained in the reporting of the account, specifically that this account was not her liability, and she has been a victim of identify theft.

81. Defendant submitted evidence of a Police Report detailing the identify theft.

82. Furthermore, the Defendant Avant failed to mark the account with a disputed notation, despite receiving notice of the dispute.

83. As a result of the conduct, action and inaction of the Defendant Avant, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

84. The conduct, action and inaction of Defendant Avant was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

85. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Avant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in his favor against Defendant Avant for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Defendant Avant)**

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

87. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

88. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

89. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

90. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

91. Defendant Avant is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

92. After receiving the Dispute Notice containing the evidence of identify theft from Equifax and Experian, Defendant Avant negligently failed to conduct its reinvestigation in good faith.

93. A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

94. Defendant Avant continued to report this account on the Plaintiff's credit report after being notified that she was claiming identify theft.

95. Additionally, the Defendant Avant failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

96. The conduct, action and inaction of Defendant Avant was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

97. As a result of the conduct, action and inaction of the Defendant Avant, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

98. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Avant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in his favor against Defendant Avant, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Barclays.)

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

100. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

101. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

102. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information provided by the agency.

103.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

104.    The Defendant Barclays violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

105.    Specifically, the Defendant Barclays continued to inaccurately report this account on the Plaintiff's credit report after being notified that she was disputing this account due to the inaccuracies contained in the reporting of the account, specifically that this account was not her liability, and she has been a victim of identity theft.

106.    Defendant submitted evidence of a Police Report detailing the identify theft.

107.     Furthermore, the Defendant Barclays failed to mark the account with a disputed notation, despite receiving notice of the dispute.

108.     As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

109.     The conduct, action and inaction of Defendant Barclays was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

110.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in his favor against Defendant Barclays for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).


**EIGHTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Defendant Barclays)**

111.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

112.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

113.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

114.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

115.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

116.    Defendant Barclays is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

117.   After receiving the Dispute Notice containing the evidence of identity theft from Equifax and Experian, Defendant Barclays negligently failed to conduct its reinvestigation in good faith.

118.   A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

119.   Defendant Barclays continued to report this account on the Plaintiff's credit report after being notified that she was claiming identify theft.

120.   Additionally, the Defendant Barclays failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

121.   The conduct, action and inaction of Defendant Barclays was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

122.   As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

123.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in his favor against Defendant Barclays, for damages together with attorney's fees

- 27 -

and court costs pursuant to 15 U.S.C. § 1681(n).

## NINTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Capital One.)

124.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

125.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

126.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

127.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

128.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed

above must report the results to other agencies which were supplied such information.

129.    The Defendant Capital One violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

130.    Specifically, the Defendant Capital One continued to inaccurately report this account on the Plaintiff's credit report after being notified that she was disputing this account due to the inaccuracies contained in the reporting of the account, specifically that this account was not her liability, and she has been a victim of identity theft.

131.    Defendant submitted evidence of a Police Report detailing the identify theft.

132.    Furthermore, the Defendant Capital One failed to mark the account with a disputed notation, despite receiving notice of the dispute.

133.    As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

134.    The conduct, action and inaction of Defendant Capital One was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

135.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in his favor against Defendant Capital One for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### TENTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Defendant Capital One)**

136.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

137.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

138.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

139.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

140.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

141.    Defendant Capital One is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

142.    After receiving the Dispute Notice containing the evidence of identity theft from Equifax, Defendant Capital One negligently failed to conduct its reinvestigation in good faith.

143.    A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

144.    Defendant Capital One continued to report this account on the Plaintiff's credit report after being notified that she was claiming identify theft.

145.    Additionally, the Defendant Capital One failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

146.    The conduct, action and inaction of Defendant Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

147.    As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

148.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Teresa Gardenhire, an individual, demands judgment in his favor against Defendant Capital One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **DEMAND FOR TRIAL BY JURY**

149.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

a)    For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b)    For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)    For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)    For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)    For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  May 13, 2019

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
By:    ___/s/ Jonathan A Stieglitz___
Jonathan A Stieglitz

- 33 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28