1  Abraham J. Colman (SBN 146933)
   Email:   acolman@reedsmith.com
2  Zachary C. Frampton (SBN 303225)
   Email:   zframpton@reedsmith.com
3  Bryan D. Trader (SBN 318133)
   Email:   btrader@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA 90071-1514
   Telephone: +1 213 457 8000
6  Facsimile: +1 213 457 8080

7  Attorneys for Defendants
   BARCLAYS BANK DELAWARE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA GARDENHIRE,<br><br>    Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>EQUIFAX INFORMATION SERVICES, LLC;<br>AVANT, LLC;<br>BARCLAYS BANK DELAWARE;<br>CAPITAL ONE BANK (USA) N.A.,<br><br>    Defendant(s). | No. 2:19-cv-00854 WBS DB<br><br>**STIPULATION AND ORDER GRANTING STIPULATION AND PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between Plaintiff Teresa Gardenhire and Defendant Barclays Bank Delaware, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

I. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

A. "Court" means the Honorable Judge William B. Shubb and Magistrate Judge Deborah Barnes, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

B. "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

C. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the provisions of this Stipulation and Protective Order.

D. "Designating Party" means the Party or non-party that designates Documents, Testimony, or Information, as defined below, as "Confidential" or "Highly Confidential - Attorneys' Eyes Only".

E. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

F. "Documents" means any: (1) written, electronic, recorded, or graphic matter; (2) interrogatory answers filed in this action; (3) requests to admit and responses thereto filed in this action; (4) transcripts of and exhibits to depositions; (5)

and any portions of any court papers filed in this action that quote from or summarize any of these items.

G. "Highly Confidential - Attorneys' Eyes Only" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information constitute extremely sensitive "Confidential" information, the Disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

H. "Information" means the content of Documents or Testimony.

I. "Party" means a party to this Joint Stipulation and Protective Order, Teresa Gardenhire and Barclays Bank Delaware, including all its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

J. "Proceeding" means the above-entitled proceeding, United States District Court, Eastern District of California, Case No. 2:19-cv-00854-WBS-DB.

K. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

II. The Designating Party shall have the right to designate as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

III. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

IV. Any Documents, Testimony or Information to be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    A. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" on each page of any Document containing such designated Confidential Material.

    B. For deposition and hearing transcripts the Designating Party may either:

        1. Identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or "Highly Confidential - Attorneys' Eyes Only".

        2. Designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Confidential Materials may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as instructed by the Designating Party.

C. For responses to interrogatories, the Designating Party must specify in the responses that the responses or specific parts thereof as designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only". The Designating Party must also affix the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" on each page of the responses to interrogatories containing Confidential Materials.

D. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" portions.

V. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. A Party shall not be held to have waived any rights by such Inadvertent production, in the event that any Document, Testimony or Information that is subject to a "Confidential" or "Highly Confidential - Attorneys' Eyes Only", is produced by any Party without such label. In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document may designate such Document, Testimony or Information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by providing written notice within twenty (20) days of discovery of the inadvertent

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" (the "Inadvertent Production Notice"). In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

VI. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Confidential - Attorneys' Eyes Only" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Confidential - Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

VII. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    A. The Court;

Case No.: 2:19-cv-00854 WBS DB    – 5 –
STIPULATION AND ORDER GRANTING STIPULATION AND PROTECTIVE ORDER

B.   (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

C.   Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that the Parties agree that such individual are bound by this Stipulation and Protective Order;

D.   Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

E.   Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

F.   Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms and the Party making the disclosure shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

G.   Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the

Case No.: 2:19-cv-00854 WBS DB    – 6 –
STIPULATION AND ORDER GRANTING STIPULATION AND PROTECTIVE ORDER

Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

        H.    Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

        I.    Any other person that the Designating Party agrees to in writing.

        J.    Any person who was the author, recipient or copy recipient of a document;

        K.    Any person whom the parties have agreed to use as a mediator in this Proceeding; and

        L.    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

VIII. Access to and/or Disclosure of Confidential Materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be permitted only to the following persons:

        (a)    The Court;

        (b)    (1) Attorneys of record in the Proceedings for the Receiving Party only (and their affiliated attorneys, paralegals, clerical and secretarial staff employed

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

by such attorneys who are actively involved in the Proceedings and are not employees of any Party). Unless the Designating Party expressly provides in writing that another Parties' counsel of record may review materials designated as "Highly Confidential - Attorneys' Eyes Only", the Receiving Party's counsel shall not share any such material with any other counsel of record. (2) In-house counsel for the Receiving Party (and the paralegal, clerical and secretarial staff employed by such counsel) responsible for the Proceeding. Each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(c) Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

(d) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(e) Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding).

IX. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or

Case No.: 2:19-cv-00854 WBS DB  – 8 –
STIPULATION AND ORDER GRANTING STIPULATION AND PROTECTIVE ORDER

1 prosecuting and/or defending the Proceeding, and not for any business or other purpose
2 whatsoever.

3   X.   Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

7   XI.   Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

9     A.   Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

13    B.   Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order) to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Confidential Materials, or Information.

21   XII.   Any current Party or new Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy of **Exhibit A** attached hereto, and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

XIII. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

XIV. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall, within five (5) days, give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

XV. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

XVI. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

XVII. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the court.

XVIII. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

XIX. Neither this Protective Order nor the Disclosure of Confidential Materials shall be deemed a concession or determination of the relevance, materiality, or admissibility of Confidential Materials governed by or Disclosed under this Protective Order. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

XX. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and

Case No.: 2:19-cv-00854 WBS DB  – 11 –
STIPULATION AND ORDER GRANTING STIPULATION AND PROTECTIVE ORDER

Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

XXI. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court) (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

XXII. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

XXIII. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

Case No.: 2:19-cv-00854 WBS DB — 12 —
STIPULATION AND ORDER GRANTING STIPULATION AND PROTECTIVE ORDER

**IT IS SO STIPULATED:**

DATED: February 20, 2020

                                                    THE LAW OFFICES OF JONATHAN A. STIEGLITZ

                                                    By: */s/ Jonathan A. Stieglitz*[1]
                                                         Jonathan A. Stieglitz
                                                         Attorney for Plaintiff
                                                         TERESA GARDENHIRE

DATED: February 20, 2020

                                                    REED SMITH LLP

                                                   By: */s/ Bryan D. Trader*
                                                         Zachary C. Frampton
                                                         Bryan D. Trader
                                                         Attorneys for Defendant
                                                         BARCLAYS BANK DELAWARE

---

[1] Pursuant to Eastern District Local Rule 131(e), filing counsel attests that all other signatories listed hereon and on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Teresa Gardenhire v. Experian Information Solutions, Inc., et al.*, United States District Court, Eastern District of California, Case No. 2:19-cv-00854-WBS-DB. I agree to comply with and to be bound by all the terms of this Stipulation and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for enforcing the terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

Case No.: 2:19-cv-00854 WBS DB – 15 –
STIPULATION AND ORDER GRANTING STIPULATION AND PROTECTIVE ORDER

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: February 24, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE